UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

BERNARDO RAUL CASTRO MATA,

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCO, in his individual and official capacities, NASSAU COUNTY SHERIFF'S DEPARTMENT CAPTAIN WEISS, in his individual and official capacities, and NASSAU COUNTY CORRECTIONS OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities,

Defendants.
---------------------------------------------------------------------- X

**Docket No.:**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff BERNARDO RAUL CASTRO MATA, by his attorneys, HORN WRIGHT, LLP, complaining of Defendants, COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCO, in his individual and official capacities, NASSAU COUNTY SHERIFF'S DEPARTMENT CAPTAIN WEISS, in his individual and official capacities, and NASSAU COUNTY CORRECTIONS OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, BERNARDO RAUL CASTRO MATA ( "Plaintiff" or "MATA") seeks relief from Defendants, COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCO, in his individual and official capacities, NASSAU COUNTY SHERIFF'S DEPARTMENT CAPTAIN WEISS, in his individual and official capacities, and NASSAU COUNTY CORRECTIONS OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities (collectively, referred

to as "Defendants"), for committing acts under color of law and depriving Plaintiff of rights secured under 42 U.S.C. § 1983 grounded in rights secured to him under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff alleges that Defendants engaged in unlawful conduct, specifically, the use of excessive force. All acts were committed under the color of law and deprived Plaintiff of rights secured to him under the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

3. Defendants, without justification or any reason except an intent to deprive Plaintiff of his rights and knowledge that their conduct had the tacit authorization of Defendant COUNTY OF NASSAU, unlawfully and viciously assaulted and battered Plaintiff. Said unlawful acts upon Plaintiff deprived him of his civil and Constitutional rights.

4. Plaintiff seeks damages, both compensatory and punitive, award of costs, disbursements, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned Constitutional provisions.

6. Supplemental jurisdiction over Plaintiff's state law claims exists pursuant to 28 U.S.C. § 1367(a).

## VENUE

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Nassau, State of New York; the actual place of employment of the individually named Defendants and Doe Officers is within the Eastern District of New York; and the County of Nassau, State of New York is within the jurisdiction of the Eastern District of New York. The events surrounding this lawsuit occurred in the County of Nassau, State of New York, in the Eastern District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff sought to fulfill the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a), requiring inmates to exhaust available, administrative remedies prior to filing suit under 42 U.S.C. § 1983 alleging violations of their Constitutional rights, but was denied access to the process and/or prevented from filing such by Defendants.

9. Plaintiff duly served a Notice of Claim upon COUNTY OF NASSAU on November 5, 2025, within ninety days of the events giving rise to his claims.

10. COUNTY OF NASSAU conducted a hearing pursuant to NY Gen. Mun. Law § 50-h on April 1, 2026.

11. At least thirty (30) days have elapsed since the presentation of said claim and COUNTY OF NASSAU has not adjusted same, and has failed and neglected to make any payment of such claim and cause of action.

12. The instant action is being commenced against Defendants within one year and ninety days after the accrual of the cause of action herein alleged, all in compliance with General Municipal law § 50-i.

## THE PARTIES

13. Plaintiff BERNARDO RAUL CASTRO MATA is a resident of the United States whose legal residence is within the Eastern District of New York. At all relevant times described herein, Plaintiff was a pretrial detainee in the custody and care of Defendants. At present, Plaintiff is in the custody of New York State DOCCS and is housed at Wende Correctional Facility.

14. Upon information and belief, at all relevant times described herein, Defendant COUNTY OF NASSAU ("COUNTY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

15. Upon information and belief, at all relevant times described herein, Defendant COUNTY, by its agents and/or employees, owned, operated, maintained, possessed, supervised, and controlled the Nassau County Sheriff's Department ("NCSD"), including the Nassau County Correctional Center ("NCCC") and all Corrections Officers thereof, and is responsible for providing a safe and secure environment for detainees in its custody. COUNTY is charged by the laws of the State of New York with authority to maintain the NCCC and is responsible for its confinement conditions and for the treatment of its detainees.

16. At all relevant times herein, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCO ("LaROCCO") was and is the Sheriff of the County of Nassau, acting under color of state law, and is responsible for providing a safe and secure environment for detainees in his custody. LaROCCO is being sued in his individual and official capacities. Defendant LaROCCO is responsible for the day-to-day operations of NCCC. As Sheriff, he has the custody, control, and charge of the NCCC, its officers, and its detainees. LaROCCO is legally responsible, in whole or in part, for the operation of the NCCC, for the conditions therein, and the health and safety of persons confined or detained there. As Sheriff, LaROCCO has final policy-making authority for

all matters relating to the operation of NCCC, including final policy-making authority and ultimate responsibility for the custody, treatment, control, and care of all persons detained in NCCC. The individuals working at NCCC are LaROCCO's agents and employees.

17. Upon information and belief, at all relevant times described herein, Defendant NASSAU COUNTY SHERIFF'S DEPARTMENT CAPTAIN WEISS ("WEISS") is an individual and employed by COUNTY with an actual place of employment within the County of Nassau, State of New York, who is being sued in his individual and official capacities. At all relevant times described herein, WEISS was acting under color of state law within the scope of his employment by Defendant COUNTY, and works under the supervision, direction, and/or control of his supervisors in the NCSD and NCCC.

18. Upon information and belief, at all relevant times described herein, Defendant NASSAU COUNTY CORRECTIONS OFFICER JOHN DOES #1-10 (fictitiously named) ("DOES") are individuals and employees of COUNTY with an actual place of employment within the County of Nassau, State of New York, who are being sued in their individual and official capacities. At all relevant times described herein, DOES were acting under color of state law within the scope of their employment as corrections officers, sergeant(s), corporal(s), and/or supervisor(s) employed by Defendant COUNTY, and work under the supervision, direction, and/or control of their supervisors in the NCSD and NCCC.

19. Defendants WEISS and DOES are collectively referred to as the "Individual Defendants".

**RELEVANT NON-PARTY**

20. Upon information and belief, at all relevant times described herein, NCSD is a subdivision and/or agency of Defendant COUNTY located at 100 Carman Avenue, East Meadow,

New York. Upon information and belief, at all relevant times described herein, NCSD, by its agents and/or employees, operated, maintained, and controlled the NCCC and all Corrections Officers thereof, and is responsible for providing a safe and secure environment for detainees in its custody.

## FACTUAL ALLEGATIONS

21. On or about August 7, 2025, Plaintiff MATA was lodged at NCCC as a pre-trial detainee under the care and custody of Defendants.

22. NCCC is located at 100 Carman Ave, East Meadow, New York and, on information, is an agency, subdivision, and/or instrumentality of COUNTY.

23. NCCC has a history of, *inter alia,* inmate on inmate violence in part due to mismanagement, understaffing, improper inmate classification, improper housing designation, overcrowding, inability to supervise/control gang activity, lack of control over contraband activity, and lack of mental health services.

24. Defendants are well aware of the aforementioned deficiencies.

25. At approximately 12:00 p.m., on or about August 7, 2025, Plaintiff was talking to a fellow detainee, when this fellow detainee was suddenly and unexpectedly attacked by another detainee.

26. DOES assigned to the area where the assault occurred were not present and/or nowhere to be found.

27. When DOES arrived, they ordered the inmates to stop, then without warning, directives, or just cause, sprayed Plaintiff with Oleoresin Capsicum, despite the fact that Plaintiff had no involvement in the altercation.

28. At all relevant times mentioned herein, Plaintiff was compliant, was not a threat, nor did Plaintiff threaten the use of violence.

29. Defendant WEISS then brought Plaintiff, who was still compliant and entirely cooperative, back to his cell.

30. WEISS returned a few moments later, entered Plaintiff's cell, then beat and assaulted Plaintiff. WEISS struck, kicked, punched, and stepped on Plaintiff.

31. The aforementioned assault and beating continued despite Plaintiff's pleas for WEISS to stop and despite the fact that Plaintiff was compliant at all relevant times and was not a threat and/or threatened physical force and/or resisted WEISS.

32. Defendant WEISS thereafter repeatedly struck Plaintiff throughout his body, including his chest and back. As a result of the assault, Plaintiff fell to the floor of the cell and attempted to crawl out of the cell, however WEISS pulled him back in and continued the attack.

33. Defendant WEISS continued to viciously and repeatedly kick and punch Plaintiff while he was on the floor.

34. Plaintiff, fearing for his safety, grabbed onto the cell door bars in an attempt to leave the cell and protect himself from WEISS. During this assault, Plaintiff was viciously and repeatedly kicked, punched, and slammed to the ground using excessive and unreasonable force.

35. The aforementioned assault and beating persisted despite Plaintiff's repeated pleas for WEISS to stop, and despite Plaintiff having been compliant at all relevant times, not attempting to escape, and/or posing no threat and/or resistance to WEISS.

36. As a direct result of the assault and beating, Plaintiff sustained injuries to his face, head, chest, back, and other parts of his body, causing him significant pain, discomfort, and emotional distress.

37. As a result of WEISS' use of unlawful force, Plaintiff was caused to suffer extreme and severe pain and discomfort. Plaintiff, without justification, was beaten and assaulted by WEISS.

38. Plaintiff was eventually able to pull himself out into the hallway, however, when DOES noticed, Plaintiff was handcuffed and brought back into his cell.

39. Plaintiff thereafter required medical evaluation and treatment for the injuries he sustained and continues to suffer due to the physical and emotional effects of the assault.

40. Plaintiff complained to DOES that he was in pain and needed medical attention and had visible injuries. Plaintiff requested that he be taken to medical.

41. On or about August 7, 2025, Defendant COUNTY was obligated and owed a duty to Plaintiff to maintain, manage, operate, and control the aforesaid premises, as well as the Corrections Officers and activities conducted therein, in a reasonably safe and prudent manner.

42. On or about August 7, 2025, Plaintiff was caused to be negligently, intentionally, wrongfully, willfully, maliciously, and with gross negligence and willful and wonton disregard for Plaintiff's safety, assaulted, beaten, and battered by WEISS, and was caused to sustain severe and permanent injuries, and was thereafter denied proper medical treatment.

43. Defendants have a duty to provide competent medical and custodial care to their pre-trial detainees.

44. After much complaining, Plaintiff was ultimately taken to the medical unit for a brief examination.

45. At all relevant times, Defendants were acting under color of law.

46. On or about August 7, 2025, Defendants COUNTY and LaROCCO were obligated and owed a duty to Plaintiff to maintain, manage, operate, and control NCCC and the activities conducted by their agents and/or employees, in a reasonably safe and prudent manner.

47. Defendants have a duty to properly supervise and adequately train their agents, servants, and/or employees, including Individual Defendants, regarding the proper use of force and to comply with Constitutional standards, but have tolerated excessive force despite numerous complaints about violations by NCSD.

48. At all relevant times, Defendants, each of them separately and in concert, engaged in acts or omissions which constituted deprivation of the Constitutional rights, privileges, and immunities of Plaintiff and, while these acts were carried out under color of law, Defendants had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement or Corrections Officers may appropriately and legally engage in the course of protecting persons, detainees, prisoners, property, or ensure civil order.

49. At all relevant times Defendants, and each of them, had the power and duty to restrain the other Defendants and prevent them from violating the law and Plaintiff's rights by assaulting and injuring Plaintiff; each of the Defendants failed and/or refused to perform that duty and failed to protect Plaintiff, thereby becoming a party and acting in concert to harm and bring about the injuries inflicted upon Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting Plaintiff to harm and denial of basic rights.

50. Upon information and belief, all injuries are serious and permanent in nature as a result of the assault and beating.

51. The injuries Plaintiff suffered were caused solely by the conduct of Defendants and Plaintiff in no way contributed to or caused the injuries he suffered.

52. Defendants' intentional, reckless, negligent, or deliberately indifferent behavior caused Plaintiff conscious pain and suffering, permanent physical injuries, and emotional harm.

53. Plaintiff suffered serious and permanent injuries as a direct and proximate result of the deprivation of his Fourth, Eighth, and Fourteenth Amendment rights as a result of the acts of Defendants.

54. As a direct and proximate result of the acts of Defendants, the injuries and damages sustained by Plaintiff from the deprivation of his Fourth, Eighth, and Fourteenth Amendment rights include: injuries to his head, neck and body; headaches; visual impairments; bruises; multiple scrapes; lacerations; severe pain; psychological anguish; permanent injury; disability; mental anguish; and emotional distress.

55. All the alleged acts, misdeeds, and omissions committed by Individual Defendants described herein for which liability is claimed were done either intentionally, knowingly, or recklessly, and their proscribed conduct meets all of the standards for imposition of punitive damages.

## COUNT I
## VIOLATION OF PLAINTIFF'S FOURTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS FOR UNREASONABLE AND EXCESSIVE FORCE (§ 1983)
## (*Against Defendants WEISS and DOES*)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

57. The unlawful assault of Plaintiff by Individual Defendants at NCCC was conducted under color of state law within the purview of 42 U.S.C. § 1983 and within the scope of their employment with the NCSD and NCCC.

58. Individual Defendants, with willful and malicious intent, using the actual and/or apparent authority of LaROCCO, NCSD, and NCCC, violently assaulted Plaintiff without valid justification for such excessive force.

59. Individual Defendants' aforesaid actions constituted a gross violation of Plaintiff's bodily integrity for no legitimate reason.

60. Individual Defendants' actions were intentionally and recklessly done to intimidate, and did cause Plaintiff physical and emotional distress.

61. The assaults and batteries of Plaintiff were an abuse of power, constituted a violation of bodily integrity for no legitimate purpose within the meaning of the Fourteenth Amendment, constituted a violation of Plaintiff's right to be free from unlawful force while detained pursuant to the Fourth Amendment, and deprived Plaintiff of his liberty and right to be free from this type of physical attack.

62. The violation of Plaintiff's bodily integrity was unreasonable and without due process of law, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

63. As a proximate result of Individual Defendants' intentional and malicious actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, great mental anguish, and has incurred and will continue to incur expenses

for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**COUNT II**
**VIOLATION OF PLAINTIFF'S FOURTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S RIGHTS/VIOLATING PLAINTIFF'S BODILY INTEGRITY (§ 1983)**
**(*Against Defendants WEISS and DOES*)**

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

65. The harm to Plaintiff was foreseeable and a direct result of Individual Defendants' conduct in unlawfully assaulting Plaintiff without any legitimate basis or any other lawful justification.

66. Individual Defendants acted in conscious disregard of a great risk of serious harm to Plaintiff by unlawfully assaulting him, placing Plaintiff in substantial fear for his life and safety, and causing physical and emotional injuries to Plaintiff.

67. Individual Defendants' conduct was intentional, with deliberate indifference and recklessness.

68. Individual Defendants consciously disregarded a great risk that serious harm would result by unlawfully placing Plaintiff in a dangerous situation under color of state law that he otherwise would not have been subjected to but for Individual Defendants' conduct.

69. Individual Defendants were aware and/or it was reasonably foreseeable that their conduct would cause injuries to Plaintiff.

70. Individual Defendants used their authority to create an opportunity that otherwise would not have existed for harm to occur.

71. Individual Defendants' conduct in unlawfully assaulting Plaintiff constitutes conduct that shocks the conscience and was without any lawful or legitimate basis.

72. Individual Defendants acted intentionally, with wanton or deliberate indifference and recklessness to Plaintiff's rights.

73. The aforesaid actions of Individual Defendants constituted a gross violation of Plaintiff's bodily integrity for no legitimate reason, and in violation of Plaintiff's substantive due process rights guaranteed by the Fourteenth Amendment.

74. As a result of Individual Defendants' willing, wanton, reckless, and deliberately indifferent conduct, Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights were violated, and he was unlawfully subjected to a dangerous situation directly caused by Defendant's affirmative actions.

75. As a proximate result of Individual Defendants' intentional, wanton, reckless, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**COUNT III**
**VIOLATION OF PLAINTIFF'S FOURTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS FOR FAILURE TO PROTECT/INTERVENE (§ 1983)**
**(*Against All Defendants*)**

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

77. Defendants knew that there was a strong likelihood of harm to Plaintiff, but failed to take reasonable measures to intervene and prevent the unlawful conduct of Individual Defendants, despite having opportunities to do so.

78. Upon information and belief, Defendants were on notice of Individual Defendants' violent propensity to use their status as Corrections Officers to unlawfully inflict harm on the inmates.

79. Defendants knew that Individual Defendants had engaged in this conduct in the past by assaulting inmates, using the actual and/or apparent authority of NCSD and NCCC to carry out their violent desires.

80. Upon information and belief, Defendants were on notice of Individual Defendants' violent propensity to use their status as Corrections Officers to further their violent desires.

81. Despite having such knowledge, Defendants failed to take any remedial or preventative measures to deter Individual Defendants and/or other Corrections Officers from continuing to engage in official misconduct that violates the rights of the citizens they each swore to protect and serve.

82. Had Defendants intervened to stop the unlawful conduct of Individual Defendants prior to August 7, 2025, Plaintiff would not have been subjected to the events described herein.

83. As a result of Defendants' failure to protect and failure to intervene, Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights were violated.

84. As a proximate result of Defendants' intentional, wanton, reckless, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**COUNT IV**
**FAILURE TO SUPERVISE AND FAILURE TO TRAIN (§ 1983)**
**(*Against Defendants COUNTY and LaROCCO*)**

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

86. The unlawful assaulting of vulnerable inmates by the Corrections Officers, including Individual Defendants, is and was foreseeable.

87. Defendants COUNTY and LaROCCO were responsible for supervising, overseeing, and controlling their subordinates in NCSD and NCCC, including Individual Defendants.

88. Defendants COUNTY and LaROCCO had an express and/or implied duty to provide a reasonably safe environment for their inmates, including Plaintiff. At a minimum, they had a duty to keep him from being unlawfully assaulted by their employees, including Individual

Defendants, which was foreseeable based upon their past instances of misconduct, which were known to the senior officers and supervisors in NCSD and NCCC.

89. In fact, it was well known throughout the community that multiple Corrections Officers, including Individual Defendants, were using their actual and/or apparent authority to assault vulnerable inmates without reason and without any legal basis.

90. Despite having this knowledge, Defendants COUNTY and LaROCCO failed to take any remedial measures to prevent foreseeable acts of abuse by Corrections Officers.

91. The countenancing of this behavior created an environment within NCSD and NCCC wherein Corrections Officers were allowed to continue with their violent behavior, which led to the Constitutional rights of vulnerable citizens being violated for their desires, including Plaintiff.

92. Defendants COUNTY and LaROCCO intentionally failed to adequately supervise, control, oversee, train, and/or monitor Individual Defendants, who had a history of engaging in official misconduct, and failed to implement measures to prevent Individual Defendants and other Corrections Officers from conspiring with each other to cover up their official misconduct.

93. Defendants COUNTY and LaROCCO intentionally failed to adequately supervise, control, oversee, train, and/or monitor Individual Defendants and other Corrections Officers from conspiring with each other to cover up their official misconduct and prevent them from continuously violating the Constitutional rights of individual inmates, including Plaintiff.

94. Defendants COUNTY and LaROCCO recklessly hired, retained, and/or supervised Individual Defendants when they knew or should have known that they posed a threat of abuse to vulnerable inmates.

95. Defendants COUNTY and LaROCCO knew or should have known of Individual Defenandants' violent propensities for the conduct which caused Plaintiff's injuries, prior to the occurrence of the injuries, given the knowledge of other instances of abuse that predate August 7, 2025.

96. Defendants COUNTY and LaROCCO owed a duty of care to all persons, including Plaintiff, who were likely to come under the influence of Individual Defendants in their roles as Corrections Officers, to ensure that Individual Defendants did not abuse their authority as Corrections Officers to injure inmates by unlawfully assaulting, battering, and/or otherwise subjecting them to abuse for no lawful reason.

97. At all times relevant hereto, Defendants' actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of Plaintiff.

98. Upon information and belief, Defendants COUNTY and LaROCCO were aware that there was a substantial likelihood that permitting Individual Defendants to carry on their regular duties as Corrections Officers would deprive the inmates of their civil rights but failed to take adequate measures to resolve the wrong.

99. In fact, upon hearing the allegations, Defendants COUNTY and LaROCCO still failed to take any action and failed to terminate Individual Defendants' employment or title as Corrections Officers, essentially countenancing this behavior throughout NCCC.

100. LaROCCO and other NCSD and NCCC supervisors' failure and refusal to adequately investigate Individual Defendants' actions, acquiescence in Individual Defendants' conduct, failure to take any remedial action against Individual Defendants, allowing Individual Defendants to remain employed as officers with COUNTY, recklessness in their supervision of Individual Defendants, and deliberate indifference to the rights of others by failing to act on

information that Constitutional rights were being violated by Individual Defendants and other Corrections Officers, subjects them to supervisory liability for the August 7, 2025 assaults and batteries of Plaintiff.

101. As a proximate result of Defendants' intentional, wanton, reckless, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**COUNT V**
**DENIAL AND FAILURE TO PROVIDE MEDICAL TREATMENT PURSUANT TO THE EIGHTH AND FOURTEENTH AMENDMENTS**
**(*Against All Defendants*)**

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

103. Defendants had an affirmative duty to provide and administer health and medical services to Plaintiff and other NCCC pre-trial detainees.

104. Defendants, as previously alleged, had a duty and obligation to provide Plaintiff and other NCCC pre-trial detainees reasonable and adequate health and medical services.

105. Defendants, on information, had knowledge that the health care they provided and/or were responsible for providing to Plaintiff and other NCCC pre-trial detainees was deficient, inadequate, and incompetent.

106. On information, the health and medical care provided by Defendants, or which they were responsible for providing to Plaintiff, failed to meet an acceptable standard of treatment and care in terms of modern medicine, technology, and current beliefs about human decency.

107. On information, the health and medical care provided by Defendants, or which they were responsible for providing, created an excessive risk to Plaintiff, and the harm to which Plaintiff was exposed was sufficiently serious as to implicate his Constitutional rights.

108. On information, Defendants knew that Plaintiff's medical condition constituted a serious need for competent and adequate medical care and treatment.

109. On information, Defendants knew of and ignored the aforesaid excessive risk to Plaintiff's health.

110. The denial of adequate medical care as aforesaid created a condition of urgency, where pain, emotional distress, disability, permanent injury, or death was likely.

111. Defendants' policies, practices, customs, actions, and failures to act constituted deliberate indifference to the serious medical needs of Plaintiff.

112. Defendants were deliberately indifferent to the serious medical needs of Plaintiff.

113. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and suffering.

114. Defendants' conduct demonstrated reckless and/or callous indifference to the federally protected rights of Plaintiff.

115. As a direct and proximate result of the foregoing, Plaintiff was subjected to cruel and unusual punishment and denial of adequate medical care and treatment.

116. As a proximate result of Defendants' intentional, wanton, reckless, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**COUNT VI**
**MONELL**
***(Against Defendant COUNTY)***

117. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

118. Upon information and belief, it was the custom, policy, and practice of COUNTY to tolerate, condone, and encourage Constitutional violations, such as those alleged by Plaintiff above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by Corrections Officers.

119. Employees of COUNTY, such as Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

120. Employees of COUNTY, such as Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or punishment for their conduct and,

further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

121. By failing to supervise, train, and reprimand such Corrections Officers, COUNTY caused the injuries to Plaintiff through the actions and inactions of Individual Defendants.

122. By maintaining a *de facto* policy of automatic indemnification, COUNTY caused the injuries to Plaintiff through the actions and inactions of Individual Defendants.

123. Upon information and belief, it was the custom, policy, and practice of COUNTY to blatantly ignore complaints and/or widespread allegations of assault, battery, and/or other malfeasance against inmates by the Corrections Officers in order to shield COUNTY from receiving any bad press that would be generated from an investigation of misconduct by the Corrections Officers.

124. Upon information and belief, this custom, policy, and practice of COUNTY to ignore complaints and/or widespread allegations of assault, battery, and other malfeasance against inmates by the Corrections Officers created an environment where foreseeable Constitutional violations by the Corrections Officers were rampant, including the violations of Plaintiff's Constitutional rights by Individual Defendants.

125. COUNTY's failure to take action against Individual Defendants involved in this incident and in other similar incidents was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

126. As authorized representatives of Defendant COUNTY, the Corrections Officers' conduct of threats of violence and acts of assault and battery, such as against Plaintiff, constituted a custom, policy, and practice which renders Defendant COUNTY liable to Plaintiff as a "Person" acting under the color of state law.

127. These customs, policies, and practices, which were enforced by Defendant COUNTY, were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

128. Had COUNTY investigated serious complaints of assault and/or widespread allegations of same prior to August 7, 2025, Individual Defendants would not have been in a position to violate Plaintiff's Constitutional rights.

129. COUNTY is therefore liable for violations of Plaintiff's Constitutional rights as caused by Individual Defendants, as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

130. That, by virtue of COUNTY's failure and refusal to adequately investigate Individual Defendants' actions, acquiescence in Individual Defendants' conduct, failure to take any remedial action against Individual Defendants, allowing Individual Defendants to remain employed as officers with NCCC, gross negligence in their supervision of Individual Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated by Individual Defendants, Defendant COUNTY, which employed these Corrections Officers and policymakers during the relevant time period, exhibited a *de facto* custom, policy, or usage of unconstitutional conduct sufficient for the imposition of municipal liability under *Monell v. Dept. of Social Services*, 436 US. 658 (1978).

131. As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental

anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees.

**COUNT VII**
**PENDANT STATE CLAIM – ASSAULT AND BATTERY**
**(*Against All Defendants*)**

132. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

133. The aforestated actions of Defendants amounted to an assault and battery of Plaintiff.

134. Plaintiff did not consent to the harmful and/or offensive touching by Defendants.

135. As a result of the aforementioned actions of Defendants, Plaintiff suffered physical and emotional injuries.

136. Defendants' actions were intentionally, recklessly, and/or gross negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff.

137. At all times mentioned, Individual Defendants were acting within the scope of their employment as Corrections Officers.

138. At all times mentioned, all Corrections Officers and/or employees of COUNTY were acting within the scope of their employment.

139. At all times mentioned, the Corrections Officers and/or employees were employed by Defendant COUNTY.

140. The actions of the officers and employees, which were performed within their scope of employment, creates liability against Defendant COUNTY, under New York State Law.

141. Consequently, Defendant COUNTY is liable under *respondeat superior* for the actions of its employees.

142. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages as to the Individual Defendants.

**COUNT VIII**
**NEGLIGENT/GROSS NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION (PENDENT)**
***(Against Defendants COUNTY and LaROCCO)***

143. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

144. Defendants knew, or were negligent in not knowing, that Individual Defendants posed a threat to vulnerable inmates, including Plaintiff.

145. Defendants COUNTY and LaROCCO, by and through their agents, servants, and/or employees, had actual knowledge, knew, or reasonably should have known of Individual Defendants' dangerous and violent propensities and/or that Individual Defendants were unfit agents due to neglect of duty and prior instances of official misconduct.

146. Defendants COUNTY and LaROCCO, by and through their agents, servants, and/or employees, failed to implement the proper programs and/or internal guidelines and regulations to adequately screen officers before they are allowed to continue to perform their full duties as Corrections Officers, after receiving knowledge of prior instances of misconduct.

147. The acts of Individual Defendants described herein were undertaken, and/or enabled by, and/or during the course, and/or within the scope of their employment, appointment, and/or agency with NCCC.

148. Defendants COUNTY and LaROCCO owed Plaintiff a duty to protect him from inmates with violent tendencies and/or to implement the proper programs and/or internal guidelines and regulations to adequately screen such inmates who are prone to violence and/or other forms of abuse before allowing them to be housed and/or interact with inmates such as Plaintiff.

149. Defendants COUNTY and LaROCCO owed Plaintiff a duty to protect him from the use of excessive force.

150. The countenancing of this behavior created an environment within the NCCC wherein certain inmates were allowed to continue with their violent behavior and Corrections Officers were able to use excessive force, without ever facing an investigation into same or fearing any repercussions for their malfeasance, which led to the Constitutional rights of vulnerable inmates being violated for their violent desires.

151. Defendants COUNTY and LaROCCO's willful, wanton, grossly negligent, and/or negligent acts of commission and/or omission, directly and/or proximately caused the damages set forth herein at length.

152. In fact, upon hearing of the allegations, Defendants COUNTY and LaROCCO still failed to take any action and failed to terminate Individual Defendants' employment or title as Corrections Officers, essentially countenancing this behavior throughout the NCCC.

153. As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully

assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**COUNT IX**
**NEGLIGENCE (PENDENT)**
***(Against All Defendants)***

154. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

155. That upon information and belief, at all times herein mentioned, Defendant COUNTY was the owner of the premises located at NCCC, 100 Carman Avenue, East Meadow, State of New York.

156. That upon information and belief, at all times herein mentioned, Defendant COUNTY, through its agents, servants, employees, and/or assigns, owned, operated, managed, maintained, possessed, supervised, and controlled the premises located at NCCC, 100 Carman Avenue, East Meadow, State of New York.

157. On or about August 7, 2025, while Plaintiff was an inmate at the location known at NCCC, 100 Carman Avenue, East Meadow, State of New York, he was caused to be negligently, intentionally, wrongfully, willfully, maliciously, and with gross negligence and willful and wonton disregard for Plaintiff's safety, physically detained, assaulted, beaten, and battered by Individual Defendants and was caused to sustain severe and permanent injuries.

158. On or about August 7, 2025, Defendant COUNTY was obligated and owed a duty to Plaintiff to maintain, manage, operate, and control the aforesaid premises and its employees, including Individual Defendants, in a reasonably safe and prudent manner.

159. That Plaintiff sustained the aforesaid injuries wholly and solely due to the negligence of Defendant COUNTY, its agents, servants, and/or employees without Plaintiff in any way contributing thereto.

160. On or about August 7, 2025, Defendant COUNTY, its agents, servants, and/or employees, jointly and severally, individually or in concert, disregarded their duty and conducted themselves in a negligent, reckless, careless, and unlawful manner in failing to provide adequate and sufficient security to protect Plaintiff within NCCC; in failing to have properly trained Corrections Officers or other security personnel; in failing to have properly trained Corrections Officers or other security personnel in sufficient numbers; in having Corrections Officers or other security personnel who were improperly trained or supervised; in placing Plaintiff in danger; in failing to warn Plaintiff of the dangerous and hazardous activities being conducted within the correctional facility; in failing to timely provide Plaintiff with proper medical treatment; in denying proper medical treatment after the incident; in not abiding by health and safety guidelines; and in conducting themselves in such a negligent, reckless, careless, and unlawful manner as to cause severe injuries to Plaintiff.

161. That by reason of the wrongful, negligent, and unlawful actions of Defendant COUNTY, through its agents, servants, and/or employees as aforesaid, Plaintiff was severely injured, bruised, and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame, and disabled and so remained for a considerable period of time.

162. That solely as a result of the foregoing, Plaintiff has incurred medical expenses.

163. That the limitations set forth in Article 16 of the CPLR do not apply to this action, since one or more of the exceptions apply.

164. As a proximate result of Defendants' negligent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**COUNT X**
**PENDANT STATE CLAIM – *RESPONDEAT SUPERIOR***
**(*Against Defendant COUNTY*)**

165. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

166. By virtue of Individual Defendants' employment with Defendant COUNTY and their actions within their scope of their employment, Defendant COUNTY is liable for Individual Defendants' actions under a theory of *respondeat superior*.

167. As a result of the above-described conduct, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and

psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

## JURY DEMAND

168. Plaintiff demands a Trial by Jury of all causes of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BERNARDO RAUL CASTRO MATA respectfully requests judgment against Defendants COUNTY OF NASSAU, NASSAU COUNTY SHERIFF ANTHONY J. LaROCCO, in his individual and official capacities, NASSAU COUNTY SHERIFF'S DEPARTMENT CAPTAIN WEISS, in his individual and official capacities, NASSAU COUNTY CORRECTIONS OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities as follows:

A. Under Count I, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

B. Under Count II, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

C. Under Count III, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

D. Under Count IV, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

E. Under Count V, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

F. Under Count VI, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees;

G. Under Count VII, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages;

H. Under Count VIII, in the amount of ONE MILLION DOLLARS ($1,000,000.00);

I. Under Count IX, in the amount of ONE MILLION DOLLARS ($1,000,000.00);

J. Under Count X, in the amount of ONE MILLION DOLLARS ($1,000,000.00);

K. Costs and disbursements of this action; and

L. Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
November 3, 2026

Respectfully submitted,
**HORN WRIGHT, LLP**
*Attorneys for Plaintiff*

By: */s/Sheetal Paul*

Sheetal Paul, Esq.
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516.355.9696
shp@hornwright.com